AMY W. SCHULMAN
DLA PIPER LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
amy.schulman@dlapiper.com

STUART M. GORDON (SBN: 037477)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
sgordon@gordonrees.com

MICHAEL C. ZELLERS (SBN: 146904)
TUCKER ELLIS & WEST LLP
515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409
michael.zellers@tuckerellis.com

Attorneys for Defendant
PFIZER INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CELEBREX AND BEXTRA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) |
| | MDL Docket No. 1699 |
| | CASE NO. 3:08-cv-01456-CRB |
| *This document relates to* | ) |
| ANTOINNE EMERSON, Individually, and on Behalf of the Estate of WILLIE EMERSON, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| PFIZER, INC., | ) ) |
| Defendant. | ) ) ) |

**PFIZER INC'S ANSWER TO COMPLAINT**

**JURY DEMAND ENDORSED HEREIN**

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

NOW COMES Defendant Pfizer Inc. (improperly captioned in Plaintiff's Complaint as "Pfizer, Inc.") ("Pfizer"), ("Defendant"), and files this Answer to Plaintiff's Complaint ("Complaint"), and would respectfully show the Court as follows:

**I.**

**PRELIMINARY STATEMENT**

The Complaint does not state in sufficient detail when Decedent was prescribed or used Bextra® (valdecoxib) ("Bextra®"). Accordingly, this Answer can only be drafted generally. Defendant may seek leave to amend this Answer when discovery reveals the specific time periods in which Decedent was prescribed and used Bextra®.

**II.**

**ANSWER**

**Response to Allegations Regarding Parties**

1.    Defendant admits that Plaintiff brought this civil action seeking monetary damages, but denies that Plaintiff is entitled to any relief or damages. Defendant admits that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant admits that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

2.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Decedent's age and citizenship, and, therefore, denies the same.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Defendant is without knowledge or information sufficient to form a belief as to the truth of the

2  allegations regarding whether Decedent used Bextra® and Decedent's medical condition, and,

3  therefore, denies the same. Defendant denies the remaining allegations in this paragraph of the

4  Complaint.

5  3.     Defendant admits that Pfizer is a Delaware corporation with its principal place of

6  business in New York. Defendant admits that Pharmacia acquired Searle in 2000 and that, as

7  the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

8  Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted

9  Bextra® in the United States, including California, to be prescribed by healthcare providers

10  who are by law authorized to prescribe drugs in accordance with their approval by the FDA.

11  Defendant states that Plaintiff's allegations regarding "predecessors in interest" are vague and

12  ambiguous. Defendant is without knowledge or information to form a belief as to the truth of

13  such allegations, and, therefore, denies the same. Defendant denies the remaining allegations in

14  this paragraph of the Complaint.

**Response to Allegations Regarding Jurisdiction and Venue**

16  4.     Defendant is without knowledge or information to form a belief as to the truth of the

17  allegations in this paragraph of the Complaint regarding the amount in controversy, and,

18  therefore, denies that the same. However, Defendant admits that Plaintiff claims that the

19  amount in controversy exceeds $75,000, exclusive of interests and costs.

20  5.     Defendant is without knowledge or information sufficient to form a belief as to the truth

21  of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and the

22  amount in controversy, and, therefore, denies the same. However, Defendant admits that

23  Plaintiff claims that the parties are diverse and that the amount in controversy exceeds $75,000,

24  exclusive of interests and costs.

25  6.     Defendant is without knowledge or information sufficient to form a belief as to the truth

26  of the allegations in this paragraph of the Complaint regarding the judicial district in which the

27  asserted claims allegedly arose, and, therefore, denies the same. Defendant denies committing

28  a tort in the State of Arkansas or the State of California and denies the remaining allegations in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  this paragraph of the Complaint.

2  7.    Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted

3  Bextra® in the United States, including California and Louisiana, to be prescribed by healthcare

4  providers who are by law authorized to prescribe drugs in accordance with their approval by the

5  FDA.  Defendant admit that, during certain periods of time, Bextra® was manufactured and

6  packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra®

7  in the United States to be prescribed by healthcare providers who are by law authorized to

8  prescribe drugs in accordance with their approval by the FDA.  Defendant admits that they

9  provided FDA-approved prescribing information regarding Bextra®.  Defendant admits that

10 they do business in the State of California.  Defendant states that Plaintiff's allegations

11 regarding "predecessors in interest" are vague and ambiguous.  Defendant is without

12 knowledge or information to form a belief as to the truth of such allegations, and, therefore,

13 denies the same.  Defendant denies any wrongful conduct and denies the remaining allegations

14 in this paragraph of the Complaint.

15 **Response to Allegations Regarding Interdistrict Assignment**

16 8.    Defendant states that this paragraph of the Complaint contains legal contentions to

17 which no response is required.  To the extent that a response is deemed required, Defendant

18 admits that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

19 and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

20 Panel on Multidistrict Litigation on September 6, 2005.

21 **Response to Factual Allegations**

22 9.    Defendant is without knowledge or information sufficient to form a belief as to the truth

23 of the allegations regarding Decedent's medical condition and whether Decedent used Bextra®

24 and, therefore, denies the same.  Defendant denies any wrongful conduct, denies that Bextra®

25 caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this

26 paragraph of the Complaint.

27 10.   Defendant admits that Bextra® was expected to reach consumers without substantial

28 change from the time of sale.  Defendant is without knowledge or information sufficient to form

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1  a belief as to the truth of the allegations regarding whether Decedent used Bextra® and,

2  therefore, denies the same.  Defendant denies the remaining allegations in this paragraph of the

3  Complaint.

4  11.    Defendant states that Bextra® was and is safe and effective when used in accordance

5  with its FDA-approved prescribing information.  Defendant states that the potential effects of

6  Bextra® were and are adequately described in its FDA-approved prescribing information,

7  which was at all times adequate and comported with applicable standards of care and law.

8  Defendant is without knowledge or information sufficient to form a belief as to the truth of the

9  allegations regarding whether Decedent used Bextra® and, therefore, denies the same.

10  Defendant denies the remaining allegations in this paragraph of the Complaint.

11  12.    Defendant admits that Bextra® is in a class of drugs that is, at times, referred to as non-

12  steroidal anti-inflammatory drugs ("NSAIDS").  Defendant states that Bextra® was and is safe

13  and effective when used in accordance with its FDA-approved prescribing information.

14  Defendant states that the potential effects of Bextra® were and are adequately described in its

15  FDA-approved prescribing information, which was at all times adequate and comported with

16  applicable standards of care and law.   Defendant denies the remaining allegations in this

17  paragraph of the Complaint.

18  13.    The allegations in this paragraph of the Complaint are not directed toward Defendant

19  and, therefore, no response is required.  To the extent a response is deemed required, Defendant

20  states that Plaintiff fails to provide the proper context for the allegations in this paragraph of the

21  Complaint.  Defendant therefore lacks sufficient information or knowledge to form a belief as

22  to the truth of such allegations and, therefore, denies the same.

23  14.    The allegations in this paragraph of the Complaint are not directed toward Defendant

24  and, therefore, no response is required.  To the extent a response is deemed required, Defendant

25  states that Plaintiff fails to provide the proper context for the allegations in this paragraph of the

26  Complaint.  Defendant therefore lacks sufficient information or knowledge to form a belief as

27  to the truth of such allegations and, therefore, denies the same.

28  15.    The allegations in this paragraph of the Complaint are not directed toward Defendant

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    and, therefore, no response is required.  To the extent a response is deemed required, Defendant

2    states that Plaintiff fails to provide the proper context for the allegations in this paragraph of the

3    Complaint.  Defendant therefore lacks sufficient information or knowledge to form a belief as

4    to the truth of such allegations and, therefore, denies the same.

5    16.    The allegations in this paragraph of the Complaint are not directed toward Defendant

6    and, therefore, no response is required.  To the extent a response is deemed required, Defendant

7    states that Plaintiff fails to provide the proper context for the allegations in this paragraph of the

8    Complaint.  Defendant therefore lacks sufficient information or knowledge to form a belief as

9    to the truth of such allegations and, therefore, denies the same.

10    17.    Plaintiff fails to provide the proper context for the allegations in this paragraph of the

11    Complaint.  Defendant lacks sufficient information or knowledge to form a belief as to the truth

12    of such allegations and, therefore, denies the same.

13    18.    Defendant states that Plaintiff's allegations regarding "predecessors in interest" are

14    vague and ambiguous.  Defendant is without knowledge or information to form a belief as to

15    the truth of such allegations, and, therefore, denies the same.  Defendant denies any wrongful

16    conduct and denies the remaining allegations in this paragraph of the Complaint.

17    19.    Plaintiff does not allege that Decedent used Celebrex® in this Complaint.  Nevertheless,

18    Defendant admits that Celebrex® was launched in the United States in February 1999.

19    Defendant states that Celebrex® was and is safe and effective when used in accordance with its

20    FDA-approved prescribing information.  Defendant admits that, during certain periods of time,

21    Pfizer marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare

22    providers who are by law authorized to prescribe drugs in accordance with their approval by the

23    FDA.  Defendant admits that, during certain periods of time, Celebrex® was manufactured and

24    packaged for Searle, which developed, tested, marketed, co-promoted and distributed

25    Celebrex® in the United States to be prescribed by healthcare providers who are by law

26    authorized to prescribe drugs in accordance with their approval by the FDA.  The allegations in

27    this paragraph of the Complaint regarding Merck and Vioxx® are not directed toward

28    Defendant and, therefore, no response is required.  To the extent a response is deemed required,

1   Defendant states that Plaintiff fails to provide the proper context for the allegations in this

2   paragraph of the Complaint regarding Merck and Vioxx®.  Defendant therefore lacks sufficient

3   information or knowledge to form a belief as to the truth of such allegations and, therefore,

4   denies the same.   Defendant denies the remaining allegations in this paragraph of the

5   Complaint.

6   20.     Defendant admits that the New Drug Application for Bextra® was filed with the FDA

7   on January 15, 2001.  Defendant admits, as indicated in the package insert approved by the

8   FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis

9   and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendant

10  states that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.

11  Defendant is without knowledge or information to form a belief as to the truth of such

12  allegations, and, therefore, denies the same.  Defendant denies the remaining allegations in this

13  paragraph of the Complaint.

14  21.     Defendant admits that Bextra® was approved by the FDA on November 16, 2001.

15  Defendant admits, as indicated in the package insert approved by the FDA, that Bextra® is

16  indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

17  arthritis, as well as for the treatment of primary dysmenorrhea.  Defendant denies the remaining

18  allegations in this paragraph of the Complaint.

19  22.     Defendant admits, as indicated in the package insert approved by the FDA, that Bextra®

20  is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

21  rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendant denies

22  the remaining allegations in this paragraph of the Complaint.

23  23.     Defendant admits, as indicated in the package insert approved by the FDA, that Bextra®

24  is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

25  rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendant states

26  that Bextra® was and is safe and effective when used in accordance with its FDA-approved

27  prescribing information.  Defendant states that the potential effects of Bextra® were and are

28  adequately described in its FDA-approved prescribing information, which at all times was

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   adequate and comported with applicable standards of care and law.  Defendant denies the

2   remaining allegations in this paragraph of the Complaint.

3   24.    Defendant states that Bextra® was and is safe and effective when used in accordance

4   with its FDA-approved prescribing information.  Defendant states that the potential effects of

5   Bextra® were and are adequately described in its FDA-approved prescribing information,

6   which at all times was adequate and comported with applicable standards of care and law.

7   Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted

8   Bextra® in the United States to be prescribed by healthcare providers who are by law

9   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant admits

10  that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

11  developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

12  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

13  with their approval by the FDA.  Defendant states that Plaintiff's allegations regarding

14  "predecessors in interest" are vague and ambiguous.  Defendant is without knowledge or

15  information to form a belief as to the truth of such allegations, and, therefore, denies the same.

16  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

17  of the Complaint.

18  25.    Defendant states that Bextra® was and is safe and effective when used in accordance

19  with its FDA-approved prescribing information.  Defendant states that the potential effects of

20  Bextra® were and are adequately described in its FDA-approved prescribing information,

21  which at all times was adequate and comported with applicable standards of care and law.

22  Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted

23  Bextra® in the United States to be prescribed by healthcare providers who are by law

24  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant admits

25  that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

26  developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

27  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

28  with their approval by the FDA.  Defendant denies any wrongful conduct and denies the

1    remaining allegations in this paragraph of the Complaint.

2    26.    Defendant states that the referenced article speaks for itself and respectfully refers the

3    Court to the article for its actual language and text.  Any attempt to characterize the article is

4    denied.  Defendant states that Bextra® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendant denies the remaining allegations in

6    this paragraph of the Complaint.

7    27.    The allegations in this paragraph of the Complaint are not directed towards Defendant

8    and, therefore, no response is necessary.  Should a response be deemed necessary, Defendant

9    states that the referenced article speaks for itself and respectfully refers the Court to the article

10   for its actual language and text.  Any attempt to characterize the article is denied.  Defendant

11   denies the remaining allegations in this paragraph of the Complaint.

12   28.    Defendant admits that the New Drug Application for Bextra® was filed with the FDA

13   on January 15, 2001.  Defendant admits that Bextra® was approved by the FDA on November

14   16, 2001.  Defendant denies any wrongful conduct and the remaining allegations in this

15   paragraph of the Complaint.

16   29.    Defendant states that Bextra® was and is safe and effective when used in accordance

17   with its FDA-approved prescribing information.  Defendant states that the potential effects of

18   Bextra® were and are adequately described in its FDA-approved prescribing information,

19   which at all times was adequate and comported with applicable standards of care and law.

20   Defendant denies the allegations in this paragraph of the Complaint.

21   30.    Defendant states that the referenced FDA Talk Paper for Bextra® speaks for itself and

22   respectfully refers the Court to the Talk Paper for its actual language and text.  Any attempt to

23   characterize the Talk Paper is denied.  Defendant denies the remaining allegations in this

24   paragraph of the Complaint.

25   31.    Defendant states that the referenced article speaks for itself and respectfully refers the

26   Court to the article for its actual language and text.  Any attempt to characterize the article is

27   denied.  Defendant denies the remaining allegations in this paragraph of the Complaint.

28   32.    Plaintiff fails to provide the proper context for the allegations concerning the "post-drug

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   approval meta-analysis study" in this paragraph of the Complaint. Defendant is without

2   sufficient information to confirm or denies such allegations and, therefore, denies the same.

3   Defendant states that the referenced study speaks for itself and respectfully refers the Court to

4   the study for its actual language and text. Any attempt to characterize the study is denied.

5   Defendant denies the remaining allegations in this paragraph of the Complaint.

6   33.     The allegations in this paragraph of the Complaint are not directed towards Defendant

7   and, therefore, no response is necessary. Should a response be deemed necessary, Defendant

8   states that the referenced article speaks for itself and respectfully refers the Court to the article

9   for its actual language and text. Any attempt to characterize the article is denied. Defendant

10  denies the remaining allegations in this paragraph of the Complaint.

11  34.     The allegations in this paragraph of the Complaint are not directed towards Defendant

12  and, therefore, no response is necessary. Should a response be deemed necessary, Defendant

13  admits that a Joint Meeting of the Arthritis Advisory Committee and the Drug Safety and Risk

14  Management Advisory Committee was held on February 16-18, 2005. Defendant states that the

15  referenced testimony speaks for itself and respectfully refers the Court to the testimony for its

16  actual language and text. Any attempt to characterize the testimony is denied. Defendant

17  denies the remaining allegations in this paragraph of the Complaint.

18  35.     Defendant states that Bextra® was and is safe and effective when used in accordance

19  with its FDA-approved prescribing information. Defendant denies any wrongful conduct and

20  denies the remaining allegations in this paragraph of the Complaint.

21  36.     Defendant states that the referenced Alert for Healthcare Professionals speaks for itself

22  and respectfully refers the Court to the Alert for Healthcare Professionals for its actual language

23  and text. Any attempt to characterize the Alert for Healthcare Professionals is denied.

24  Defendant denies the remaining allegations in this paragraph of the Complaint.

25  37.     Defendant states that the referenced Alert for Healthcare Professionals speaks for itself

26  and respectfully refers the Court to the Alert for Healthcare Professionals for its actual language

27  and text. Any attempt to characterize the Alert for Healthcare Professionals is denied.

28  Defendant denies the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

38.     Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant denies the allegations in this paragraph of the Complaint.

39.     Defendant states that the referenced article speaks for itself and respectfully refers the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

40.     The allegations in this paragraph of the Complaint are not directed towards Defendant and, therefore, no response is necessary.  Should a response be deemed necessary, Defendant states that the referenced article speaks for itself and respectfully refers the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendant denies the remaining allegations in this paragraph of the Complaint.

41.     Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies the allegations in this paragraph of the Complaint.

42.     Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the remaining allegations in this paragraph of the Complaint.

43.     Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    of the Complaint.

2    44.    Defendant denies the allegations in this paragraph of the Complaint.

3    45.    Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted

4    Bextra® in the United States to be prescribed by healthcare providers who are by law

5    authorized to prescribe drugs in accordance with their approval by the FDA. Defendant admits

6    that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

7    developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

8    prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

9    with their approval by the FDA. Defendant states that Bextra® was and is safe and effective

10    when used in accordance with its FDA-approved prescribing information. Defendant states that

11    the potential effects of Bextra® were and are adequately described in its FDA-approved

12    prescribing information, which was at all times adequate and comported with applicable

13    standards of care and law. Defendant is without knowledge or information sufficient to form a

14    belief as to the truth of the allegations regarding whether Decedent used Bextra® and,

15    therefore, denies the same. Defendant denies any wrongful conduct and denies the allegations

16    in this paragraph of the Complaint.

17    46.    Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted

18    Bextra® in the United States to be prescribed by healthcare providers who are by law

19    authorized to prescribe drugs in accordance with their approval by the FDA. Defendant admits

20    that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

21    developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

22    prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

23    with their approval by the FDA. Defendant states that Bextra® was and is safe and effective

24    when used in accordance with its FDA-approved prescribing information. Defendant states that

25    the potential effects of Bextra® were and are adequately described in its FDA-approved

26    prescribing information, which was at all times adequate and comported with applicable

27    standards of care and law. Defendant denies the remaining allegations in this paragraph of the

28    Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

47.     Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant admits that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant admits, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendant denies the remaining allegations in this paragraph of the Complaint.

48.     Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendant states that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendant is without knowledge or information to form a belief as to the truth of such allegations, and, therefore, denies the same. Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the allegations in this paragraph of the Complaint.

49.     Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant admits that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    with their approval by the FDA.  Defendant states that Bextra® was and is safe and effective

2    when used in accordance with its FDA-approved prescribing information.  Defendant states that

3    the potential effects of Bextra® were and are adequately described in its FDA-approved

4    prescribing information, which was at all times adequate and comported with applicable

5    standards of care and law.  Defendant denies the remaining allegations in this paragraph of the

6    Complaint.

7    50.     Defendant states that Bextra® was and is safe and effective when used in accordance

8    with its FDA-approved prescribing information.  Defendant states that the potential effects of

9    Bextra® were and are adequately described in its FDA-approved prescribing information,

10   which at all times was adequate and comported with applicable standards of care and law.

11   Defendant denies the remaining allegations in this paragraph of the Complaint.

12   51.     Defendant states that Bextra® was and is safe and effective when used in accordance

13   with its FDA-approved prescribing information.  Defendant states that the potential effects of

14   Bextra® were and are adequately described in its FDA-approved prescribing information,

15   which was at all times adequate and comported with applicable standards of care and law.

16   Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

17   of the Complaint.

18   52.     Defendant states that Bextra® was and is safe and effective when used in accordance

19   with its FDA-approved prescribing information.  Defendant states that the potential effects of

20   Bextra® were and are adequately described in its FDA-approved prescribing information,

21   which was at all times adequate and comported with applicable standards of care and law.

22   Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

23   of the Complaint.

24   53.     Defendant denies the allegations in this paragraph of the Complaint.

25   54.     Defendant admits that the sale of Bextra® was voluntarily suspended in the U.S. market

26   as of April 7, 2005.  Defendant denies any wrongful conduct and denies the remaining

27   allegations contained in this paragraph of the Complaint.

28   55.     Defendant states that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the remaining allegations in this paragraph of the Complaint.

56.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

57.    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

58.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

59.    Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant admits

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant denies the remaining allegations in this paragraph of the Complaint.

60.    Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant admits that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant admits, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

61.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding and whether Decedent used Bextra® and, therefore, denies the same. Defendant denies any wrongful conduct, denies that Bextra® is defective, denies that Bextra® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

62.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendant is without knowledge or information sufficient to form a belief as to the truth of the

3    allegations regarding and whether Decedent used Bextra® and, therefore, denies the same.

4    Defendant states that Plaintiff's allegations regarding "predecessors in interest" are vague and

5    ambiguous.  Defendant is without knowledge or information to form a belief as to the truth of

6    such allegations, and, therefore, denies the same.  Defendant denies any wrongful conduct,

7    denies that Bextra® is defective, denies that Bextra® caused Plaintiff or Decedent injury or

8    damage, and denies the remaining allegations in this paragraph of the Complaint.

9                    **Response to First Cause of Action: Negligence**

10   63.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

11   Complaint as if fully set forth herein.

12   64.    Defendant states that this paragraph of the Complaint contains legal contentions to

13   which no response is required.  To the extent a response is deemed required, Defendant admits

14   that it had duties as are imposed by law but denies having breached such duties.  Defendant

15   states that the potential effects of Bextra® were and are adequately described in its FDA-

16   approved prescribing information, which was at all times adequate and comported with

17   applicable standards of care and law.  Defendant states that Bextra® was and is safe and

18   effective when used in accordance with its FDA-approved prescribing information.  Defendant

19   denies the remaining allegations in this paragraph of the Complaint.

20   65.    Defendant states that this paragraph of the Complaint contains legal contentions to

21   which no response is required.  To the extent a response is deemed required, Defendant admits

22   that it had duties as are imposed by law but denies having breached such duties.  Defendant

23   states that Bextra® was and is safe and effective when used in accordance with its FDA-

24   approved prescribing information.  Defendant denies the remaining allegations in this paragraph

25   of the Complaint.

26   66.    Defendant states that this paragraph of the Complaint contains legal contentions to

27   which no response is required.  To the extent that a response is deemed required, Defendant

28   admits that it had duties as are imposed by law but denies having breached such duties.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendant states that Bextra® was and is safe and effective when used in accordance with its

2    FDA-approved prescribing information.  Defendant states that the potential effects of Bextra®

3    were and are adequately described in its FDA-approved prescribing information, which was at

4    all times adequate and comported with applicable standards of care and law.  Defendant denies

5    any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint,

6    including all subparts.

7    67.    Defendant states that Bextra® was and is safe and effective when used in accordance

8    with its FDA-approved prescribing information.  Defendant states that the potential effects of

9    Bextra® were and are adequately described in its FDA-approved prescribing information,

10   which was at all times adequate and comported with applicable standards of care and law.

11   Defendant is without knowledge or information sufficient to form a belief as to the truth of the

12   allegations regarding whether Decedent used Bextra® and, therefore, denies the same.

13   Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

14   of the Complaint.

15   68.    Defendant states that Bextra® was and is safe and effective when used in accordance

16   with its FDA-approved prescribing information.  Defendant states that the potential effects of

17   Bextra® were and are adequately described in its FDA-approved prescribing information,

18   which was at all times adequate and comported with applicable standards of care and law.

19   Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

20   of the Complaint.

21   69.    Defendant states that Bextra® was and is safe and effective when used in accordance

22   with its FDA-approved prescribing information.  Defendant denies any wrongful conduct,

23   denies that Bextra® caused Plaintiff injury or damage, and denies the remaining allegations in

24   this paragraph of the Complaint.

25   70.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or

26   Decedent injury or damage, and denies the remaining allegations in this paragraph of the

27   Complaint.

28   71.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-18-

1    Decedent injury or damage, and denies the remaining allegations in this paragraph of the

2    Complaint.

3    72.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or

4    Decedent injury or damage, and denies the remaining allegations in this paragraph of the

5    Complaint.

6                    **Response to Second Cause of Action: Strict Liability**

7    73.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

8    Complaint as if fully set forth herein.

9    74.    Defendant is without knowledge or information sufficient to form a belief as to the truth

10    of the allegations regarding whether Decedent used Bextra® and, therefore, denies the same.

11    Defendant admits that Bextra® was expected to reach consumers without substantial change in

12    the condition from the time of sale.    Defendant admits that, during certain periods of time,

13    Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed

14    by healthcare providers who are by law authorized to prescribe drugs in accordance with their

15    approval by the FDA.    Defendant admits that, during certain periods of time, Bextra® was

16    manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

17    distributed Bextra® in the United States to be prescribed by healthcare providers who are by

18    law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendant

19    states that Bextra® was and is safe and effective when used in accordance with its FDA-

20    approved prescribing information.    Defendant states that the potential effects of Bextra® were

21    and are adequately described in its FDA-approved prescribing information, which was at all

22    times adequate and comported with applicable standards of care and law.    Defendant denies the

23    remaining allegations in this paragraph of the Complaint.

24    75.    Defendant states that Bextra® was and is safe and effective when used in accordance

25    with its FDA-approved prescribing information.    Defendant states that the potential effects of

26    Bextra® were and are adequately described in its FDA-approved prescribing information,

27    which was at all times adequate and comported with applicable standards of care and law.

28    Defendant denies the allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

76.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies that Bextra® is defective or unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

77.    Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent a response is deemed required, Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies that Bextra® is unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint, including all subparts.

78.    Defendant states that this paragraph of the Complaint contains legal contentions to which no response is deemed required.  To the extent a response is deemed required, Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

79.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is defective, denies that Bextra® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    paragraph of the Complaint.

2    80.    Defendant states that Bextra® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendant states that the potential effects of

4    Bextra® were and are adequately described in its FDA-approved prescribing information,

5    which was at all times adequate and comported with applicable standards of care and law.

6    Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the

7    remaining allegations in this paragraph of the Complaint.

8    81.    Defendant is without knowledge or information sufficient to form a belief as to the truth

9    of the allegations regarding whether Decedent used Bextra® and, therefore, denies the same.

10   Defendant states that Bextra® was and is safe and effective when used in accordance with its

11   FDA-approved prescribing information.  Defendant states that the potential effects of Bextra®

12   were and are adequately described in its FDA-approved prescribing information, which was at

13   all times adequate and comported with applicable standards of care and law.  Defendant admits

14   that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United

15   States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

16   accordance with their approval by the FDA.  Defendant admits that, during certain periods of

17   time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed,

18   co-promoted and distributed Bextra® in the United States to be prescribed by healthcare

19   providers who are by law authorized to prescribe drugs in accordance with their approval by the

20   FDA.  Defendant denies any wrongful conduct, denies that Bextra® is defective, denies that

21   Bextra® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in

22   this paragraph of the Complaint.

23   82.    Defendant states that Bextra® was and is safe and effective when used in accordance

24   with its FDA-approved prescribing information.  Defendant states that the potential effects of

25   Bextra® were and are adequately described in its FDA-approved prescribing information,

26   which was at all times adequate and comported with applicable standards of care and law.

27   Defendant denies the remaining allegations in this paragraph of the Complaint.

28   83.    Defendant is without knowledge or information sufficient to form a belief as to the truth

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   of the allegations regarding whether Decedent used Bextra® and, therefore, denies the same.

2   Defendant states that Bextra® was and is safe and effective when used in accordance with its

3   FDA-approved prescribing information.  Defendant states that the potential effects of Bextra®

4   were and are adequately described in its FDA-approved prescribing information, which was at

5   all times adequate and comported with applicable standards of care and law.  Defendant denies

6   the remaining allegations in this paragraph of the Complaint.

7   84.    Defendant states that Bextra® was and is safe and effective when used in accordance

8   with its FDA-approved prescribing information.  Defendant denies any wrongful conduct and

9   denies the remaining allegations in this paragraph of the Complaint.

10  85.    Defendant is without knowledge or information sufficient to form a belief as to the truth

11  of the allegations regarding whether Decedent used Bextra® and, therefore, denies the same.

12  Defendant states that Bextra® was and is safe and effective when used in accordance with its

13  FDA-approved prescribing information.  Defendant states that the potential effects of Bextra®

14  were and are adequately described in its FDA-approved prescribing information, which was at

15  all times adequate and comported with applicable standards of care and law.  Defendant denies

16  that Bextra® is defective and denies the remaining allegations in this paragraph of the

17  Complaint.

18  86.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or

19  Decedent injury or damage, and denies the remaining allegations in this paragraph of the

20  Complaint.

21  87.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or

22  Decedent injury or damage, and denies the remaining allegations in this paragraph of the

23  Complaint.

24  88.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or

25  Decedent injury or damage, and denies the remaining allegations in this paragraph of the

26  Complaint.

27  **Response to Third Cause of Action: Breach of Express Warranty**

28  89.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

1    Complaint as if fully set forth herein.

2    90.    Defendant is without knowledge or information sufficient to form a belief as to the truth

3    of the allegations regarding whether Decedent used Bextra® and, therefore, denies the same.

4    Defendant states that Bextra® was and is safe and effective when used in accordance with its

5    FDA-approved prescribing information.  Defendant states that the potential effects of Bextra®

6    were and are adequately described in its FDA-approved prescribing information, which was at

7    all times adequate and comported with applicable standards of care and law.  Defendant admits

8    that it provided FDA-approved prescribing information regarding Bextra®.  Defendant denies

9    the remaining allegations in this paragraph of the Complaint.

10    91.    Defendant is without knowledge or information sufficient to form a belief as to the truth

11    of the allegations regarding whether Decedent used Bextra® and, therefore, denies the same.

12    Defendant states that Bextra® was and is safe and effective when used in accordance with its

13    FDA-approved prescribing information.  Defendant states that the potential effects of Bextra®

14    were and are adequately described in its FDA-approved prescribing information, which was at

15    all times adequate and comported with applicable standards of care and law.  Defendant admits

16    that it provided FDA-approved prescribing information regarding Bextra®.  Defendant denies

17    the remaining allegations in this paragraph of the Complaint, including all subparts.

18    92.    Defendant denies the allegations in this paragraph of the Complaint.

19    93.    Defendant states that Bextra® was and is safe and effective when used in accordance

20    with its FDA-approved prescribing information.  Defendant states that the potential effects of

21    Bextra® were and are adequately described in its FDA-approved prescribing information,

22    which was at all times adequate and comported with applicable standards of care and law.

23    Defendant admits that it provided FDA-approved prescribing information regarding Bextra®.

24    Defendant denies the remaining allegations in this paragraph of the Complaint.

25    94.    Defendant states that Bextra® was and is safe and effective when used in accordance

26    with its FDA-approved prescribing information.  Defendant states that the potential effects of

27    Bextra® were and are adequately described in its FDA-approved prescribing information,

28    which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Defendant admits that it provided FDA-approved prescribing information regarding Bextra®.

2    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

3    of the Complaint.

4    95.    Defendant is without knowledge or information sufficient to form a belief as to the truth

5    of the allegations regarding whether Decedent used Bextra® and, therefore, denies the same.

6    Defendant admit that it provided FDA-approved prescribing information regarding Bextra®.

7    Defendant denies the remaining allegations in this paragraph of the Complaint.

8    96.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or

9    Decedent injury or damage, and denies the remaining allegations in this paragraph of the

10    Complaint.

11    97.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or

12    Decedent injury or damage, and denies the remaining allegations in this paragraph of the

13    Complaint.

14    98.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or

15    Decedent injury or damage, and denies the remaining allegations in this paragraph of the

16    Complaint.

17    **Response to Fourth Cause of Action: Breach of Implied Warranty**

18    99.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

19    Complaint as if fully set forth herein.

20    100.    Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted

21    Bextra® in the United States to be prescribed by healthcare providers who are by law

22    authorized to prescribe drugs in accordance with their approval by the FDA. Defendant admits

23    that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

24    developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

25    prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

26    with their approval by the FDA. Defendant denies the remaining allegations in this paragraph

27    of the Complaint.

28    101.    Defendant admits that it provided FDA-approved prescribing information regarding

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Bextra®.  Defendant admits, as indicated in the package insert approved by the FDA, that

2  Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

3  rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendant states

4  that Bextra® was and is safe and effective when used in accordance with its FDA-approved

5  prescribing information.  Defendant denies the remaining allegations in this paragraph of the

6  Complaint.

7  102.    Defendant is without knowledge or information sufficient to form a belief as to the truth

8  of the allegations regarding whether Decedent used Bextra® and, therefore, denies the same.

9  Defendant admits, as indicated in the package insert approved by the FDA, that Bextra® is

10  indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

11  arthritis, as well as for the treatment of primary dysmenorrhea.  Defendant denies the remaining

12  allegations in this paragraph of the Complaint.

13  103.    Defendant is without knowledge or information sufficient to form a belief as to the truth

14  of the allegations regarding whether Decedent used Bextra® and, therefore, denies the same.

15  Defendant states that Bextra® was and is safe and effective when used in accordance with its

16  FDA-approved prescribing information.  Defendant denies the remaining allegations in this

17  paragraph of the Complaint.

18  104.    Defendant is without knowledge or information sufficient to form a belief as to the truth

19  of the allegations regarding whether Decedent used Bextra® and, therefore, denies the same.

20  Defendant states that Bextra® was expected to reach consumers without substantial change in

21  the condition from the time of sale.  Defendant denies the remaining allegations in this

22  paragraph of the Complaint.

23  105.    Defendant is without knowledge or information sufficient to form a belief as to the truth

24  of the allegations regarding whether Decedent used Bextra® and, therefore, denies the same.

25  Defendant states that Bextra® was and is safe and effective when used in accordance with its

26  FDA-approved prescribing information.  Defendant denies any wrongful conduct and denies the

27  remaining allegations in this paragraph of the Complaint.

28  106.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Decedent injury or damage, and denies the remaining allegations in this paragraph of the

2    Complaint.

3    107.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or

4    Decedent injury or damage, and denies the remaining allegations in this paragraph of the

5    Complaint.

6    108.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or

7    Decedent injury or damage, and denies the remaining allegations in this paragraph of the

8    Complaint.

9    **Response to Fifth Cause of Action: Fraudulent Misrepresentation & Concealment**

10   109.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

11   Complaint as if fully set forth herein.

12   110.    Defendant states that this paragraph of the Complaint contains legal contentions to

13   which no response is required.  To the extent a response is deemed required, Defendant admits

14   that it had duties as are imposed by law but denies having breached such duties.  Defendant

15   states that Bextra® was and is safe and effective when used in accordance with its FDA-

16   approved prescribing information.  Defendant states that the potential effects of Bextra® were

17   and are adequately described in its FDA-approved prescribing information, which was at all

18   times adequate and comported with applicable standards of care and law.  Defendant denies the

19   remaining allegations in this paragraph of the Complaint.

20   111.    Defendant states that Bextra® was and is safe and effective when used in accordance

21   with its FDA-approved prescribing information.  Defendant states that the potential effects of

22   Bextra® were and are adequately described in its FDA-approved prescribing information,

23   which was at all times adequate and comported with applicable standards of care and law.

24   Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

25   of the Complaint, including all subparts.

26   112.    Defendant states that Bextra® was and is safe and effective when used in accordance

27   with its FDA-approved prescribing information.  Defendant states that the potential effects of

28   Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

113.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is defective or unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

114.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

115.    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

116.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, denies the same. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

117.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, denies the same. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

118.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, denies the same. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

of the Complaint.

119.    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

120.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

121.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

122.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

123.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

**Response to Sixth Cause of Action: Unjust Enrichment**

124.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

125.    Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant admits that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  with their approval by the FDA.  Defendant denies the remaining allegations in this paragraph

2  of the Complaint.

3  126.    Defendant is without knowledge or information sufficient to form a belief as to the truth

4  of the allegations regarding whether Decedent used Bextra® and, therefore, denies the same.

5  Defendant denies the remaining allegations in this paragraph of the Complaint.

6  127.    Defendant is without knowledge or information sufficient to form a belief as to the truth

7  of the allegations regarding whether Decedent used Bextra® and, therefore, denies the same.

8  Defendant denies the remaining allegations in this paragraph of the Complaint.

9  128.    Defendant is without knowledge or information sufficient to form a belief as to the truth

10  of the allegations regarding whether Decedent used Bextra® and, therefore, denies the same.

11  Defendant states that Bextra® was and is safe and effective when used in accordance with its

12  FDA-approved prescribing information.  Defendant denies the remaining allegations in this

13  paragraph of the Complaint.

14  129.    Defendant is without knowledge or information sufficient to form a belief as to the truth

15  of the allegations regarding whether Decedent used Bextra® and, therefore, denies the same.

16  Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or Decedent

17  injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

18  130.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or

19  Decedent injury or damage, and denies the remaining allegations in this paragraph of the

20  Complaint.

21  **Response to Seventh Cause of Action: Wrongful Death**

22  131.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

23  Complaint as if fully set forth herein.

24  132.    Defendant is without knowledge or information sufficient to form a belief as to the truth

25  of the allegations regarding whether Decedent used Bextra® and, therefore, denies the same.

26  Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or Decedent

27  injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

28  133.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or

1    Decedent injury or damage, and denies the remaining allegations in this paragraph of the

2    Complaint.

3    134.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or

4    Decedent injury or damage, and denies the remaining allegations in this paragraph of the

5    Complaint.

6    135.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or

7    Decedent injury or damage, and denies the remaining allegations in this paragraph of the

8    Complaint.

9                                **Response to Prayer for Relief**

10   136.        Answering the unnumbered paragraph of the Complaint headed "Prayer for

11   Relief," Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or

12   Decedent injury or damage, and denies the remaining allegations in this paragraph of the

13   Complaint, including all subparts.

14                                            **III.**

15                                  **GENERAL DENIAL**

16        Defendant denies all allegations and/or legal conclusions set forth in Plaintiff's

17   Complaint that have not been previously admitted, denied, or explained.

18                                            **IV.**

19                              **AFFIRMATIVE DEFENSES**

20        Defendant reserves the right to rely upon any of the following or additional defenses to

21   claims asserted by Plaintiff to the extent that such defenses are supported by information

22   developed through discovery or evidence at trial.  Defendant affirmatively shows that:

23                                    **First Defense**

24   1.    The Complaint fails to state a claim upon which relief can be granted.

25                                    **Second Defense**

26   2.    Bextra® is a prescription medical product.  The federal government has preempted the

27   field of law applicable to the labeling and warning of prescription medical products.

28   Defendant's labeling and warning of Bextra® was at all times in compliance with applicable

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

federal law.  Plaintiff's causes of action against Defendant, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.    At all relevant times, Defendant provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.    At all relevant times, Defendant's warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.    Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendant.

### Sixth Defense

6.    Plaintiff's action is barred by the statute of repose.

### Seventh Defense

7.    If Plaintiff or Decedent sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the negligence or fault of the Plaintiff and Decedent and Plaintiff's damages, if any, are barred or reduced by the doctrines of comparative fault and contributory negligence and by the failure to mitigate damages.

### Eighth Defense

8.    The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendant.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendant and for whose acts or omissions Defendant is not liable in any way.

### Ninth Defense

9.    The acts and/or omissions of unrelated third parties as alleged constituted independent,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

intervening causes for which Defendant cannot be liable.

**Tenth Defense**

10.    Any injuries or expenses incurred by Plaintiff and Decedent were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.    Defendant affirmatively denies that it violated any duty owed to Plaintiff or Decedent.

**Twelfth Defense**

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Bextra® is a prescription medical product, available only on the order of a licensed physician.  Bextra® provided an adequate warning to Decedent's treating and prescribing physicians.

**Thirteenth Defense**

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Decedent was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    If Plaintiff or Decedent sustained any injuries or incurred any losses or damages as

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    alleged in the Complaint, the same were caused by the unforeseeable alteration, change,

2    improper handling, abnormal use, or other unforeseeable misuse of Bextra® by persons other

3    than Defendant or persons acting on its behalf after the product left the control of Defendant.

4    **Seventeenth Defense**

5    17.    Plaintiff's and Defendant's alleged damages were not caused by any failure to warn on

6    the part of Defendant.

7    **Eighteenth Defense**

8    18.    Plaintiff's and Defendant's alleged injuries/damages, if any, were the result of

9    preexisting or subsequent conditions unrelated to Bextra®.

10   **Nineteenth Defense**

11   19.    Plaintiff and Decedent knew or should have known of any risk associated with Bextra®;

12   therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

13   **Twentieth Defense**

14   20.    Plaintiff is barred from recovering against Defendant because Plaintiff's claims are

15   preempted in accordance with the Supremacy Clause of the United States Constitution and by

16   the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

17   **Twenty-first Defense**

18   21.    Plaintiff's claims are barred in whole or in part under the applicable state law because

19   the subject pharmaceutical product at issue was subject to and received pre-market approval by

20   the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

21   **Twenty-second Defense**

22   22.    The manufacture, distribution and sale of the pharmaceutical product referred to in

23   Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes,

24   and Plaintiff's causes of action are preempted.

25   **Twenty-third Defense**

26   23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary

27   jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

28   issue under applicable federal laws, regulations, and rules.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

### Twenty-fourth Defense

2  24.    Plaintiff's claims are barred in whole or in part because there is no private right of

3  action concerning matters regulated by the Food and Drug Administration under applicable

4  federal laws, regulations, and rules.

5  ### Twenty-fifth Defense

6  25.    Plaintiff's claims are barred in whole or in part because Defendant provided adequate

7  "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

8  of Comment j to Section 402A of the Restatement (Second) of Torts.

9  ### Twenty-sixth Defense

10  26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim

11  because Bextra® is a prescription pharmaceutical drug and falls within the ambit of

12  Restatement (Second) of Torts § 402A, Comment k.

13  ### Twenty-seventh Defense

14  27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical

15  product at issue "provides net benefits for a class of patients" within the meaning of Comment f

16  to § 6 of the Restatement (Third) of Torts: Products Liability.

17  ### Twenty-eighth Defense

18  28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

19  Products Liability.

20  ### Twenty-ninth Defense

21  29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead

22  facts sufficient under the law to justify an award of punitive damages.

23  ### Thirtieth Defense

24  30.    The imposition of punitive damages in this case would violate Defendant's rights to

25  procedural due process under the Fourteenth Amendment of the United States Constitution, the

26  Constitution of the State of Arkansas, and the Constitution of the State of California, and would

27  additionally violate Defendant's right to substantive due process under the Fourteenth

28  Amendment of the United States Constitution.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Thirty-first Defense**

2    31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and

3    Fourteenth Amendments to the United States Constitution.

4    **Thirty-second Defense**

5    32.    The imposition of punitive damages in this case would violate the First Amendment to

6    the United States Constitution.

7    **Thirty-third Defense**

8    33.    Plaintiff's punitive damage claims are preempted by federal law.

9    **Thirty-fourth Defense**

10    34.    In the event that reliance was placed upon Defendant's nonconformance to an express

11    representation, this action is barred as there was no reliance upon representations, if any, of

12    Defendant.

13    **Thirty-fifth Defense**

14    35.    Plaintiff and Decedent failed to provide Defendant with timely notice of any alleged

15    nonconformance to any express representation.

16    **Thirty-sixth Defense**

17    36.    To the extent that Plaintiff's claims are based on a theory providing for liability without

18    proof of causation, the claims violate Defendant's rights under the United States Constitution.

19    **Thirty-seventh Defense**

20    37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and

21    labeling with respect to the subject pharmaceutical products were not false or misleading and,

22    therefore, constitute protected commercial speech under the applicable provisions of the United

23    States Constitution.

24    **Thirty-eighth Defense**

25    38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly

26    caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

27    law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

28    protections afforded by the United States Constitution, the excessive fines clause of the Eighth

Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution and the Constitutions of the States of Arkansas and California. Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendant; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**Thirty-ninth Defense**

39.     The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

**Fortieth Defense**

40.     The claims asserted in the Complaint are barred because Bextra® was designed, tested,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    manufactured and labeled in accordance with the state-of-the-art industry standards existing at

2    the time of the sale.

3    **Forty-first Defense**

4    41.    If Plaintiff and Decedent have sustained injuries or losses as alleged in the Complaint,

5    upon information and belief, such injuries and losses were caused by the actions of persons not

6    having real or apparent authority to take said actions on behalf of Defendant and over whom

7    Defendant had no control and for whom Defendant may not be held accountable.

8    **Forty-second Defense**

9    42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

10    was not unreasonably dangerous or defective, was suitable for the purpose for which it was

11    intended, and was distributed with adequate and sufficient warnings.

12    **Forty-third Defense**

13    43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches,

14    waiver, and/or estoppel.

15    **Forty-fourth Defense**

16    44.    Plaintiff's claims are barred because Plaintiff's and Decedent's injuries, if any, were the

17    result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions,

18    diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff

19    and Decedent, and were independent of or far removed from Defendant's conduct.

20    **Forty-fifth Defense**

21    45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

22    did not proximately cause injuries or damages to Plaintiff or Decedent.

23    **Forty-sixth Defense**

24    46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff

25    and Decedent did not incur any ascertainable loss as a result of Defendant's conduct.

26    **Forty-seventh Defense**

27    47.    The claims asserted in the Complaint are barred, in whole or in part, because the

28    manufacturing, labeling, packaging, and any advertising of the product complied with the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-eighth Defense

48.    The claims must be dismissed because Decedent would have taken Bextra® even if the product labeling contained the information that Plaintiff contends should have been provided.

### Forty-ninth Defense

49.    The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

### Fiftieth Defense

50.    Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

### Fifty-first Defense

51.    Defendant's liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.    Defendant seeks an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

### Fifty-second Defense

52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-third Defense

53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

**Gordon & Rees, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    and with the specific determinations by FDA specifying the language that should be used in the

2    labeling accompanying Bextra®.    Accordingly, Plaintiff's claims are preempted by the

3    Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

4    United States.

### Fifty-fourth Defense

6    54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity

7    required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

### Fifty-fifth Defense

9    55.    Defendant states on information and belief that the Complaint and each purported cause

10    of action contained therein is barred by the statutes of limitations contained in California Code

11    of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as

12    may apply.

### Fifty-sixth Defense

14    56.    Defendant states on information and belief that any injuries, losses, or damages suffered

15    by Plaintiff and Decedent were proximately caused, in whole or in part, by the negligence or

16    other actionable conduct of persons or entities other than Defendant.    Therefore, Plaintiff's

17    recovery against Defendant, if any, should be reduced pursuant to California Civil Code §

18    1431.2.

### Fifty-seventh Defense

20    57.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of

21    Defendant, no act or omission was oppressive, fraudulent, or malicious under California Civil

22    Code § 3294, and, therefore, any award of punitive damages is barred.    Any claim for punitive

23    damages is also barred under California Civil Code § 3294(b).

### Fifty-eighth Defense

25    58.    Any claims for breach of warranty are barred for lack of reasonable reliance, lack of

26    timely notice, lack of privity, and because the alleged warranties were excluded and/or

27    disclaimed.

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifty-ninth Defense**

59.    Plaintiff's claims are barred and/or limited by the provisions of the Arkansas Products Liability Act, Ark. Code Ann. § 16-116-101, et seq.

**Sixtieth Defense**

**60.**    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Arkansas Civil Justice Reform Act of 2003, Ark. Code Ann. § 16-55-201 et seq.

**Sixty-first Defense**

61.    Defendant reserves the right to supplement its assertion of defenses as it continues with its factual investigation of Plaintiff's claims.

**V.**

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing from Defendant by reason of the Complaint;

2.    That the Complaint be dismissed;

3.    That Defendant be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiff's and Decedent's alleged injuries, losses or damages is attributable to each person;

5.    That any judgment for damages against Defendant in favor of Plaintiff be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiff's and Decedent's injuries and damages; and

6.    That Defendant have such other and further relief as the Court deems appropriate.

April 24, 2008

GORDON & REES LLP


By: :_____/s/_____

Stuart M. Gordon
sgordon@gordonrees.com
Embarcadero Center West
275 Battery Street, 20th Floor
San Francisco, CA 94111
Telephone: (415) 986-5900
Fax: (415) 986-8054


April 24, 2008

TUCKER ELLIS & WEST LLP
.


By: :_____/s/_____

Michael C. Zellers
michael.zellers@tuckerellis.com
515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Fax: (213) 430-3409

Attorneys for Defendant
PFIZER INC.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ANSWER TO COMPLAINT – 3:08-cv-01456-CRB

# JURY DEMAND

Defendant Pfizer Inc. hereby demands a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

April 23, 2008                                              GORDON & REES LLP


By: : _____/s/_____

Stuart M. Gordon
sgordon@gordonrees.com
Embarcadero Center West
275 Battery Street, 20th Floor
San Francisco, CA  94111
Telephone:  (415) 986-5900
Fax:  (415) 986-8054


April 24, 2008                                              TUCKER ELLIS & WEST LLP


By: : _____/s/_____

Michael C. Zellers
michael.zellers@tuckerellis.com
515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223
Telephone:  (213) 430-3400
Fax:  (213) 430-3409

Attorneys for Defendant
PFIZER INC.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111